

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-20-00044-CR

---

TAJUAN MURTEZ DENT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 415th District Court
Parker County, Texas[1]
Trial Court No. CR19-0488, Honorable Roy Graham Quisenberry, Presiding

---

March 11, 2021

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Tajuan Murtez Dent, appellant, was charged with evading arrest with a previous conviction for evading arrest, enhanced by prior convictions.[2] Appellant entered an open plea of guilty to the charge and pled "true" to the allegation of prior convictions. The trial

---

[1] Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. See TEX. GOV'T CODE ANN. § 73.001 (West 2013).

[2] See TEX. PENAL CODE ANN. § 38.04(b)(1)(A) (West 2016).

court sentenced appellant to nine years' confinement in the Texas Department of Criminal Justice. This appeal followed.

Appellant's counsel on appeal has filed a motion to withdraw supported by an *Anders*[3] brief. We grant counsel's motion and affirm the judgment of the trial court.

Counsel has certified that he has conducted a conscientious examination of the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Anders*, 386 U.S. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, the record presents no reversible error. In a letter to appellant, counsel notified him of his motion to withdraw; provided him with a copy of the motion, *Anders* brief, and appellate record; and informed him of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised appellant of his right to file a pro se response to counsel's *Anders* brief. Appellant has not filed a response. The State has not filed a brief.

By his *Anders* brief, counsel discusses areas in the record where reversible error may have occurred but concludes that the appeal is frivolous. We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support an appeal but, like counsel, we have found

---

[3] *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

2

no such issues.  *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969).  Following our review of the appellate record and counsel's brief, we conclude there are no plausible grounds for appellate review.

Therefore, we grant counsel's motion to withdraw.[4]  The judgment of the trial court is affirmed.

Judy C. Parker
Justice

Do not publish.

---

[4] Counsel shall, within five days after the opinion is handed down, send appellant a copy of the opinion and judgment, along with notification of appellant's right to file a pro se petition for discretionary review.  *See* TEX. R. APP. P. 48.4.  This duty is an informational one, not a representational one.  It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw.  *In re Schulman*, 252 S.W.3d at 411 n.33.